IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:08cv25

| | |
|---|---|
| BLUE RIDGE PUBLIC SAFETY, INC.; SAPPHIRE VALLEY PUBLIC SAFETY, INC.; d/b/a BLUE RIDGE PUBLIC SAFETY; DAVID H. FINN, individually and president if Blue Ridge Public Safety, Inc., and of Sapphire Valley Public Safety, Inc.,d/b/a Blue Ridge Public Safety,<br><br>Plaintiffs,<br><br>Vs.<br><br>JAMES ASHE, individually and as Sheriff of the Jackson County Sheriff's Department; and JACKSON COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the court on defendants' Motion for Summary Judgment. The court has read the supporting, responsive, and reply briefs and reviewed the exhibits annexed thereto. While the undersigned typically issues a recommendation based on the pleadings, the pleadings have left the court with a number of concerns, which include the following:

(1) in its responsive brief, plaintiffs contend that Defendant Ashe's testimony that he had only 15-20 phones calls with an attorney in Cary, North Carolina, was not credible inasmuch as plaintiffs obtained Defendant Ashe's cell records showing some 120 calls amounting to 22 hours of discussions with such attorney. Plaintiffs contend that such

alleged discrepancy calls into question Defendant Ashe's veractiyon the issue of whether he was the instigator of numerous Jackson County citizen complaints filed with the Private Protective Services Board's Grievance Committee by an attorney in Cary. Despite such argument, defendants do not address this argument in their reply. Further, there is no explanation by either side as to why Defendant Ashe was not re-deposed after such records were discovered.

(2) Although it is alleged that Defendant Ashe's acts tortuously interfered with a contract plaintiffs had with a Mr. Hale (or a company he owned), and that the same acts violated substantive due process, it does not appear that Mr. Hale has been deposed concerning his reasons for terminating the contract. The court is concerned as to why such a critical witness was not deposed.

(3) While a letter purporting to be from Mr. Hale concerning his reasons for terminating the alleged contract is included among the exhibits submitted by plaintiffs, such letter is not accompanied by any affidavit as to its authenticity. "To be admissible at summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)(citation and corresponding quotation marks omitted).

(4) It appearing that plaintiffs have clarified that they are only asserting a substantive due process violation, plaintiffs must not only present

evidence as to each element of their claim, they must show that the Sheriff's actions were

> so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or *of an adequate rectification by any post-deprivation state remedies*.

Tri-County Paving, Inc. v. Ashe County, 281 F.3d 430, 440 (4th Cir. 2002)(citation and corresponding quotation marks omitted; emphasis added). Where the alleged substantive due process violation is wholly premised on tortious interference with contract, the question is whether plaintiffs' state law claims preclude the Section 1983 action. The court would like the parties to address such concern with oral arguments.

A further concern the court has is with the third element of a substantive due process claim, to wit, that the defendants' action fell beyond the outer limits of legitimate government action. Assuming that plaintiffs could prove both a property interest and that the sheriff took actions that deprived plaintiffs of such property interests, the question becomes whether the sheriff's alleged deprivation rises to a constitutional concern as an action "beyond the limits of legitimate governmental action." Put another way, is it beyond the limits of legitimate government action for a law enforcement officer to either refer citizens in his jurisdiction with complaints about a state licensee to a private attorney or to inform such private attorney of the names of

citizens who may have complaints about the state licensee, knowing that the private attorney is investigating such licensee. What impact, if any, does the officer's subjective intent have on such analysis?

(5) Plaintiffs argue that the "Jackson County Sheriff's Office" is a person capable of being sued under Section 1983, because "while a Jail may not be a local governmental unit, a Sheriff's Office is." Brief in Opposition, at 20. In making such argument, plaintiffs fail to cite the court to any North Carolina law that makes a "sheriff's office" or "sheriff's department" a local governmental unit.

In Boyd v. Robeson County 169 N.C.App. 460 (2005), the North Carolina Court of Appeals held that "[s]tate statutes thus characterize a Sheriff's Department as a local governmental entity." Id., at 475. In contrast, the district court in Hughes v. Bedsole, 913 F.Supp. 420, 426 (E.D.N.C.1994), held that the "Cumberland County Sheriff's Department" is not a legal entity under Section 1983 capable of being sued. Id. These cases have not been cited by either side, and the parties should come prepared to discuss whether a sheriff's department is a legal entity capable of being sued under Section 1983. See also Jackson v. Bulloch County Jail, 2008 WL 2437421 (S.D.Ga. 2008); Lane v. El Paso County Sheriff, 2007 WL 2221155, 1 (D.Colo. 2007)(The sheriff's department is not a separate entity from El Paso County and, therefore, is not a person under 42 U.S.C. § 1983); Lovelace v. DeKalb Cent.

Prob., 144 F. App'x 793, 795 (11th Cir.2005) (county police department not a legal entity subject to suit under § 1983); Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D.Ark. Sept.11, 2006) (county jail not a legal entity subject to suit); Lesikar v. Med. Staff, 2002 WL 441404, at *4 (N.D.Tex. Mar.19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D.Ind. Aug.14, 1996); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill.1993) (jail not a person or legal entity)

As discussed above, the briefs do not provide the court with a sufficient basis for deciding the issues presented; therefore, the decision-making process would be furthered by oral arguments. At the hearing, the parties should also be prepared to discuss why discovery should not be reopened to allow the continuation of the deposition of Defendant Ashe and deposing Mr. Hale.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Summary Judgment is **CALENDARED** for hearing on July 22, 2009, at 2 p.m. in Asheville.

Signed: July 14, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge