IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:08cv25

| | |
|---|---|
| BLUE RIDGE PUBLIC SAFETY, INC., )<br>SAPPHIRE VALLEY PUBLIC SAFETY, )<br>INC., d/b/a BLUE RIDGE PUBLIC )<br>SAFETY, and DAVID H. FINN, )<br>Individually and as President of Blue )<br>Ridge Public Safety, Inc. and of )<br>Sapphire Valley Public Safety, Inc., )<br>d/b/a Blue Ridge Public Safety, )<br>                                   )<br>       Plaintiffs,            )<br>                                   )<br>      vs.                    )<br>                                   )<br>JAMES M. ASHE, Individually and as )<br>Sheriff of the Jackson County )<br>Sheriff's Office and JACKSON )<br>COUNTY SHERIFF'S OFFICE, )<br>                                   )<br>       Defendants.           )<br>_____) | **JUDGMENT** |

**THIS MATTER** came on for trial and was heard by the undersigned judge, and a jury was duly empaneled and has answered the issues presented as follows:

1. Did Defendant James M. Ashe in his individual capacity wrongfully interfere with the contract rights between the Plaintiffs and their customers for services?

Answer: No.

2. Did Defendant James M. Ashe in his official capacity wrongfully interfere with the contract rights between the Plaintiffs and their customers for services?

Answer: No.

3. Did Defendant James M. Ashe in his individual capacity wrongfully interfere with the prospective economic advantage between the Plaintiffs and their customers for services?

Answer: No.

4. Did Defendant James M. Ashe in his official capacity wrongfully interfere with the prospective economic advantage between the Plaintiffs and their customers for services?

Answer: No.

5. Did Defendant James M. Ashe in his individual capacity retaliate against the Plaintiffs for the exercise of their rights to engage in protected speech?

Answer: No.

6. Did Defendant James M. Ashe in his official capacity retaliate against the Plaintiffs for the exercise of their rights to engage in protected speech?

Answer: No.

There were additional issue that were presented to the jury. They were, however, not to be reached because the answers of the jury on the issues stated above rendered them moot. The jury nonetheless proceeded to answer some of those issues, but none of such answers were inconsistent with the verdict as stated above, and all such answers were in favor of the Defendant.

Based upon the facts as found by the jury as set forth above, the Court concludes as a matter of law that the Defendant is not liable to the Plaintiffs pursuant to any of the claims asserted in this action.

The Court has considered the Plaintiffs' motion for new trial [Doc. 115] in this matter, and it has been denied by separate order that is being entered contemporaneously herewith.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Plaintiffs shall have and recover nothing of the Defendants and this action is hereby **DISMISSED** with prejudice.

Signed: July 1, 2011

Martin Reidinger
United States District Judge